IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 3:19-CR-39-TAV-HBG |
| | ) | |
| CHARLES WARREN, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation, as may be appropriate. The parties appeared before the undersigned on August 13, 2019, for a pretrial conference and motion hearing on the Defendant's Motion to Continue [Doc. 12], filed on July 21, 2019. Assistant United States Attorney Anne-Marie Svolto appeared on behalf of the Government. Attorneys Douglas A. Trant and Julia Anna Trant represented Defendant Warren, who was also present.

In the motion, the Defendant asks to continue the August 27, 2019 trial date and other associated deadlines in this case, in order to give newly retained counsel adequate time to prepare. The motion states that the Defendant waives his speedy trial rights and asserts that the interests of justice will be served by granting the motion.

At the motion hearing, Mr. Trant stated that he and Ms. Trant came into the case after the schedule was set. He said the parties were working on a resolution of this case but needed additional time for negotiations or to prepare for trial, if negotiations are not successful. Mr. Trant

confirmed that the Defendant is waiving his statutory and constitutional speedy trial rights with regard to the instant motion.

AUSA Svolto stated that the Government does not oppose the motion to continue. The parties agreed on a new trial date of January 28, 2020.

The Court finds the Defendant's motion to continue the trial and other deadlines is not opposed by the Government and is well-taken. The Court also finds that the ends of justice served by granting a continuance outweigh the interest of the Defendant and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). At the initial appearance and arraignment on June 24, 2019, the undersigned appointed [Doc. 5] the Federal Defender Services of Eastern Tennessee to represent Defendant Warren. The Court substituted [Doc. 11] the Trants as the Defendants' attorneys of record in this case on July 1, 2019. New defense counsel represent that they need additional time to engaged in plea negotiations and to prepare the case for trial, if those negotiations prove unsuccessful. The Court finds that the parties do not have sufficient time in the two weeks before the August 27 trial date. Thus, the Court finds that without a continuance, new counsel would not have the reasonable time necessary to prepare for trial, even proceeding with due diligence. *See* 18 U.S.C. § 3161(h)(7)(B)(iv).

Accordingly, Defendant Warren's Motion to Continue [**Doc. 12**] is **GRANTED**, and the trial is reset to **January 28, 2020**. The Court finds that all the time between the filing of the motion on July 21, 2019, and the new trial date of January 28, 2020, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. *See* 18 U.S.C. § 3161(h)(1)(D) & -(7)(A)-(B). With regard to additional scheduling in this case, the deadline for filing pretrial motions is reset to **September 13, 2019**. Responses to motions are due on or before **September 27, 2019**. If the parties file any pretrial motions requiring a hearing, the Court will schedule a motion hearing.

Motions *in limine* are due on or before **January 13, 2020**. The parties are to appear before the undersigned for a final pretrial conference on **January 14, 2020, at 11:00 a.m.** The deadline for concluding plea negotiations and for providing reciprocal discovery is also **January 14, 2020**. Special requests for jury instructions shall be submitted to the District Judge no later than **January 17, 2020**, and shall be supported by citations to authority pursuant to Local Rule 7.4.

Accordingly, it is **ORDERED** as follows:

(1) Defendant Warren's Motion to Continue [**Doc. 12**] is **GRANTED;**

(2) The trial of this matter is reset to commence on **January 28, 2020**, **at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(3) All time between the filing of the motion on **July 21, 2019**, and the new trial date of **January 28, 2020**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) The new deadline for filing pretrial motions is **September 13, 2019**. Responses to motions are due on or before **September 27, 2019**;

(5) The deadline for filing motions *in limine* is **January 13, 2020**;

(6) The final pretrial conference will take place before the undersigned on **January 14, 2020, at 11:00 a.m.** This date is also the new deadline for concluding plea negotiations and providing reciprocal discovery; and

(7) Special requests for jury instructions with appropriate citations shall be submitted to the District Judge by **January 17, 2020**.

**IT IS SO ORDERED.**

ENTER:

_____
United States Magistrate Judge